WALDEN, Judge.
A nonjury trial resulted in a judgment in favor of the defendant, City of South Bay. The plaintiffs, Messrs. Davis and Warren, appeal.
The complaint unsuccessfully sought damages for property conversion; an injunction preventing the City from selling plaintiffs’ property which the City had seized; plus an injunction prohibiting the City from interfering with plaintiffs’ business.
Davis and Warren operated an automobile repair business in the City of South Bay. They kept on hand a supply of dilapidated and wrecked automobiles for a source of parts which they largely used and sometimes sold to another garage. They also stock piled miscellaneous parts and equipment for use and sale.
The City received numerous complaints about the condition of plaintiffs’ premises. The City made various attempts to have plaintiffs clean up their business site and to remove the derelict automobiles. No luck.
*1365 And so the City proceeded to remedy using the provisions of Section 705.16, Florida Statutes (1979) which provides:
705.16 Abandoned property; supplemental procedure for removal and destruction^—
(1) In any county in the state, the rights, powers and procedures set forth in this section shall be supplemental to and cumulative to the rights, powers and procedures set forth elsewhere in this chapter and any amendments thereto.
(2) DEFINITIONS. — As used in this section:
[[Image here]]
(b) “Abandoned property” means wrecked or derelict property having no value other than nominal salvage value, if any, which has been left abandoned and unprotected from the elements and shall include wrecked, inoperative, or partially dismantled motor vehicles, trailers, boats, machinery, refrigerators, washing machines, plumbing fixtures, furniture, and any other similar article which has no value other than nominal salvage value, if any, and which has been left abandoned and unprotected from the elements.
[[Image here]]
(4)(a) Whenever the enforcement officer of any local government shall ascertain that an article or articles of abandoned property are present on private property within the limits of such governmental unit, or unincorporated area of the county if a county, in violation of any zoning ordinance or regulation, antilitter ordinance or regulation, or other similar ordinance or regulation of such local government, the enforcement officer shall cause a notice to be placed upon such article in substantially the following form:
NOTICE TO THE OWNER AND ALL PERSONS INTERESTED IN THE ATTACHED PROPERTY. This property, to wit: (setting forth brief description) located at (setting forth brief description of location) is improperly stored and is in violation of (setting forth ordinance or regulation violated) and must be removed within 10 days from the date of this notice; otherwise it shall be presumed to be abandoned property and will be removed and destroyed by order of (setting forth name of local government). Dated this: (setting forth date of posting of notice). Signed: (setting forth name, title, address and telephone number of enforcement officer).
Such notice shall not be less than 8 inches by 10 inches and shall be sufficiently weatherproof to withstand normal exposure to the elements for a period of 10 days. In addition to posting the enforcement officer shall mail a copy of the notice to the owner of the real property upon which the abandoned articles are located, as shown by the real estate tax records used by the local government on or before the date of posting of such notice.
(Emphasis supplied.)[1]
On July 13 and October 10,1979, the City sent the statutory notices to the owners of *1366 record regarding the condition of the property and informing them that the condition must be corrected within 15 days or the property would be cleared by the City at owners’ expense. On October 22, 1979, the Police Chief posted notices on each of the offending vehicles located on plaintiffs’ business premises. No cleaning action ensuing, the Police Chief had the property cleared over plaintiffs’ protests.
Specifically the trial court found a basis for the City’s judgment:
“1. Although the Court is not satisfied that Florida Statutes, Chapter 705.16 was the best legal procedure for the Defendant to use in clearing the property, the Court finds that the facts as the City found them in this case do come within the scope intended by Florida Statutes, Chapter 705.16.
2. Considering the costs involved in moving the items as testified to in this case all property moved by the Defendant had nothing more than a nominal salvage value especially since the Plaintiffs had the opportunity to pick up this property prior to its removal and even after its removal but failed to exercise this right.
3. There was substantial conflict in the testimony of the Plaintiffs’ witnesses and the Defendant’s witnesses with reference to compliance with Florida Statutes 705.16, however, the Court believes the testimony of the Defendant, therefore, finds that the provisions of Chapter 705.16 were complied with fully.”
The dispositive appellate point is:
WAS THE TAKING OF APPELLANTS’ PERSONAL PROPERTY BY THE RESPONDENT, ON NOVEMBER 15, 1979, A DENIAL OF APPELLANTS’ RIGHTS OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION?
The cardinal fact or omission which disposes us to reverse is the fact that plaintiffs’ property was seized from the plaintiffs’ private property and disposed of without plaintiffs being accorded a hearing, when there was no emergency or exigency requiring such preemptory confiscation. Moreover, we feel that the statute is fatally deficient in that it does not provide machinery for a pre-taking hearing.
This court recognizes the general doctrine that there are circumstances in which a public emergency, for instance, a fire, the spread of infectious or contagious diseases or other potential public calamity, presents an exigent circumstance before which all private rights must immediately give way under the government’s police power. Connor v. Carlton, 223 So.2d 324 (Fla.), appeal dismissed, 396 U.S. 272, 90 S.Ct. 481, 24 L.Ed.2d 417 (1969), reh’g denied, 397 U.S. 929, 90 S.Ct. 900, 25 L.Ed.2d 110 (1970); State Department of Agriculture and Consumer Services Division of Animal Industry v. Denmark, 366 So.2d 469 (Fla. 4th DCA 1979).
However, this is not such a case. In this instance there were no extraordinary cir *1367 cumstances that would require an expeditious exercise of the City’s police powers. Therefore, the plaintiffs should have been accorded the fundamental safeguards of procedural due process under the Fourteenth Amendment prior to the destruction of their property. Memphis Light, Gas and Water Division v. Craft, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); Rowland v. State, 129 Fla. 662, 176 So. 545 (Fla.1937); see generally 10 Fla.Jur.2d Constitutional Law §§ 379, 380.
The requirement of a pre-taking hearing might appear to be an empty gesture in the application of a statute dealing with “abandoned property.” On the other hand, the present ease illustrates why such a hearing is warranted. More particularly, an enforcement officer’s determination that a property is abandoned may affect property over which, as here, there is being asserted an interest. Section 705.16(4)(a), (b) fails to provide a means for the affected property owner to come forward and contest the enforcement officer’s determination.[2] While Section 705.09 Florida Statutes (1979) does provide for the holding of personal property seized pending an order of the court, this section by its own terms does not apply to property subject to being summarily destroyed. Therefore, property subject to being summarily destroyed under Section 705.16(4)(b) does not fall under the hearing provisions of Section 705.13, Florida Statutes (1979).
We hold, therefore, that the failure of Section 705.16(4)(a), (b), Florida Statutes (1979) to provide a pre-taking hearing makes such statute constitutionally infirm because it denies procedural due process to the owners of property, allegedly abandoned, being seized and destroyed.
Reversed and remanded.
GLICKSTEIN and DELL, JJ., concur.

. Section 705.16, supra, was amended in 1982. [Ch. 82-110, Laws of Fla.] However, this amendment has not materially changed the notice provisions with respect to abandoned property. See Section 705.16 (Supp.1982). Section 705.16(4)(a), (b) now reads:
(4)(a) Whenever the enforcement officer of any local government shall ascertain that an article or articles of abandoned property are present on private property within the limits of such governmental unit, or unincorporated area of the county if a county, in violation of any zoning ordinance or regulation, antilitter ordinance or regulation, or other similar ordinance or regulation of such local government, the enforcement officer shall cause a notice to be placed upon such article in substantially the following form: NOTICE TO THE OWNER AND ALL PERSONS INTERESTED IN THE ATTACHED PROPERTY. This property, to wit: (setting forth brief description) located at (setting forth brief description of location) is improperly stored and is in violation of (setting forth ordinance or regulation violated) and must be removed within 10 days or, if the property is a boat, 30 days from date of this notice; otherwise it shall be presumed to be abandoned property and will be removed and destroyed by order of (setting forth name of local government). If the property is a motor vehicle or boat, the owner will be liable for the costs of removal and destruction. Dated this: (setting forth date of posting of notice). Signed: (setting forth name, title, address, *1366 and telephone number of enforcement officer).
Such notice shall not be less than 8 inches by 10 inches and shall be sufficiently weatherproof to withstand normal exposure to the elements for a period of 10 days. In addition to posting the notice and on or before the date of posting, the enforcement officer shall mail a copy of the notice to the owner of the real property upon which the abandoned articles are located, as shown by the real estate tax records used by the local government, and, if the abandoned property is a motor vehicle or boat, shall make reasonable effort to ascertain the name and address of the owner and shall mail a copy of the notice to. such owner.
(b) If, at the end of 10 days or (if the property is a boat) 30 days after posting such notice, the owner or any person interested in the abandoned article or articles described in such notice has not removed the article or articles and complied with the ordinance or regulation cited in the notice, the enforcement officer may cause the article or articles of abandoned property to be removed and destroyed. The salvage value, if any, of such article or articles shall be retained by the local government to be applied against the cost of removal and destruction thereof, unless the costs of removal and destruction are paid by the owner as provided in subsection (5), in which case the salvage value may be deposited in the local government general fund.

. A survey of statutes permitting the forfeiture of confiscated property reveals that the opportunity for a hearing or, at least, court direction of the destruction of the contraband articles is provided. See, e.g., Section 859.08, Florida Statutes (1981) [adulterated drugs and medicine destroyed under the direction of the court], Section 562.40, Florida Statutes (1981) [forfeiture of contraband under the beverage law], and Sections 932.701-.704, Florida Statutes (1981) [forfeiture of a variety of contraband in connection with violation of the drug abuse law, gambling laws, beverage and tobacco laws, motor fuel tax law, as well as instrumen-talities used in committing or aiding or abetting and felony].